```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
UNITED STATES OF AMERICA    )
                            )
    Plaintiff,              ) Action No. 5:12-CR-102-JMH
                            )
v.                          )
                            )
ZAFAR I. NASIR,             )
SOHA ALJENABI,              )
ASIM MALIK,                 )
NAWAZ KHAN, and             )
SETH J. JOHNSTON.           ) MEMORANDUM OPINION AND ORDER
                            )
    Defendants.             )
                            )
```

                   **   **   **   **   **

This matter is before the Court on a Motion to Dismiss Count I of the Third Superseding Indictment[1] filed by Seth J. Johnston [DE 220][2] and Nawaz Khan [DE 225][3], and Motion to Dismiss the Indictment

---

[1] Since the original motions were filed, the Government has filed a Fourth Superseding Indictment [DE 264]. There were no material changes to the charges addressed in Defendants' dispositive motions. Thus, supplementation of the briefs on these issues is unnecessary and the Court will apply the arguments made in these motions to the Fourth Superseding Indictment.

[2] Johnston's Motion was joined by Asim Malik [DE 226], Soha Aljenabi [DE 224] and Zafar I. Nasir [DE 228].

[3] Khan's Motion was joined by Malik [DE 226] and Nasir [DE 228].

[DE 221]⁴, filed by Asim Malik.  The United States has filed a Response [DE 234] to these motions.  Malik has filed a Reply regarding his Motion to Dismiss the Indictment [DE 237].  Both Malik and the Government have filed supplemental statements of fact [DE 269-1, DE 296].⁵  Thus, these matters are now ripe for this Court's review.

Defendants argue that the definition of a "controlled substance analogue," codified in 21 U.S.C. § 802(32)(A), is unconstitutionally vague, both on its face and as applied, so as to prohibit Defendants' prosecution.  Finding that the challenged statute does not violate the void-for-vagueness doctrine, this Court denies Defendants' motions.

---

⁴   Malik's motion was joined by Aljenabi [DE 224] and Nasir [DE 228].

⁵   Malik requested an evidentiary hearing on this Motion [DE 221], the only defendant to do so. However, the United States and Malik agreed, prior to the hearing, to submit written evidence in lieu of an evidentiary hearing.  The Court provided deadlines for the parties. [DE 250].  The parties submitted statements of facts prepared by the attorneys [DE 269-1, DE 296].  Although Aljenabi and Nasir joined in Malik's motion, they have not offered any additional factual allegations relating to this motion. Accordingly, this Court does not have the benefit of evidence in reviewing this motion, but is reviewing these matters assuming that there will be evidence at trial establishing the facts as stated by the attorneys.

I.  **Facial Void-For-Vagueness Challenge**

Defendants have moved to dismiss based on a facial void-for-vagueness challenge and argue that the statutory language, on its face, is unconstitutionally vague in that an ordinary person cannot determine what conduct is prohibited.  However, "[v]agueness challenges to statutes not threatening First Amendment interests are examined in light of the facts at hand." *Nat'l Rifle Assoc. of Am. v. Magaw*, 132 F.3d 272, 292 (6th Cir. 1997) (quoting *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988)).  "[T]he statute must be judged on an as-applied basis, and a facial challenge before the statute has been applied is premature."  *Id.* (citing *United States v. Mazurie*, 419 U.S. 544, 550 (1975); *United States v. Hofstatter*, 8 F.3d 316, 321 (6th Cir. 1993)).  An as-applied challenge is required because "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *United States v. Saffo*, 227 F.3d 1260, 1270 (10th Cir. 2000) (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7 (1982)).

Defendants argue that a facial challenge may be considered when criminal penalties are imposed as sanctions for violations, relying on the Sixth Circuit's decision in *Springfield Armory, Inc. v. City of Columbus*, 29 F.3d 250 (6th Cir. 1994).  *Springfield* does not apply to federal statutes.  *Magaw*, 132 F.3d at 292

(distinguishing *Springfield*). Other courts considering vagueness challenges to the controlled substance analogue definition have done so only on an as-applied basis. *See Hofstatter*, 8 F.3d at 321. In fact, the court in *United States v. Forbes*, 806 F.Supp. 232, 237 (D. Colo. 1992), on which Defendants rely in support of their motion, also engaged an as-applied analysis.[6]

Defendants have not offered any factual arguments supporting their contention that the controlled substance analogue statute is unconstitutional as applied to them or to the substances charged in the indictment. At best, these defendants have blended a facial void-for-vagueness challenge and an as-applied void-for-vagueness challenge of the Controlled Substance Analogue Enforcement Act (CSAEA), but failed to assert any facts in support thereof. This Court finds no legal precedent supporting Defendants' argument that this statute should be looked at in a vacuum.[7]   Accordingly,

---

[6]   *Forbes* was specifically concerned with AET, which was not designed to be an analogue drug but was developed and marketed as an anti-depressant in 1960. *Forbes*, 806 F.Supp. at 233. In distinguishing prior authority, the *Forbes* Court noted that the "'substantially similar' language may be generally susceptible to adequate definition, it runs afoul of the vagueness doctrine when it is applied to AET under the circumstances of this case." *Id.* at 237.

[7]   Moreover, the Court notes that, if it did consider the Defendants' facial void-for-vagueness challenge as they request, the precedent in this and other courts suggest that the challenge lacks merit. "[A] court can find a statute unconstitutionally vague on its face only if the court concludes that it is capable of

4

Defendants' Motions to Dismiss on the basis of a facial challenge to the statute are denied.

## II. As-Applied Constitutional Challenge

Malik argues that, as applied to the facts alleged in the case against him, the statute failed to provide him with sufficient notice regarding the prohibited conduct and that the statute encourages arbitrary enforcement. Thus, the statute deprives him of due process under the Fifth and Fourteenth Amendments.

### A. Background

Malik and his co-defendants have been charged with, *inter alia*, possession with intent to distribute and a conspiracy to distribute synthetic marijuana containing JWH-122 and AM 2201, alleged analogues of the Schedule I controlled substance JWH-018. Congress enacted the CSAEA to keep up with rapidly progressing drug

---

no valid application." *Magaw*, 132 F.3d at 293. However, as Defendants concede, numerous courts have found that the controlled substance analogue statute is valid as applied in numerous circumstances, and this Court would agree that there are valid applications of the statute. See *United States v. Berger*, 553 F.3d 1107, 1110 (8th Cir. 2009); *United States v. Bamberg*, 478 F.3d 934, 937 (8th Cir. 2007); *United States v. Ansaldi*, 372 F.3d 118, 122–24 (2d Cir. 2004); *United States v. Roberts*, 363 F.3d 118, 124–27 (2d Cir. 2004); *United States v. Hodge*, 321 F.3d 429, 432 (3d Cir. 2003); *United States v. Klecker*, 348 F.3d 69 (4th Cir. 2003); *United States v. Washam*, 312 F.3d 926, 930–31 (8th Cir. 2002); *United States v. Fisher*, 289 F.3d 1329, 1335–39 (11th Cir. 2002); *United States v. Carlson*, 87 F.3d 440, 443–44 (11th Cir. 1996); *Hofstatter*, 8 F.3d at 321; *United States v. Granberry*, 916 F.2d 1008, 1010 (5th Cir. 1990); *United States v. Desurra*, 865 F.2d 651 (5th Cir. 1989).

technologies and to target the distribution of so-called "designer drugs." *United States v. Washam*, 312 F.3d 926, 933 (8th Cir. 2002).

Under 21 U.S.C. § 841(a)(1), it is a criminal offense to knowingly or intentionally distribute or dispense a controlled substance or to possess with an intent to distribute or dispense a a controlled substance. Under 21 U.S.C. § 813, as enacted in the CSAEA, a "controlled substance analogue" is treated as a controlled substance to the extent it is intended for human consumption.

The statutory definition of a controlled substance analogue is:

A substance—

i. the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;

ii. which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or

iii. with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 802(32)(A).

**B. Analysis**

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (citations omitted). The more important aspect of the vagueness doctrine is that the "legislature establish minimal guidelines to govern law enforcement." *Id.* at 358 (quoting *Smith v. Goguen*, 415 U.S. 566, 574 (1974)). The relevant inquiry is "what a person of common intelligence would reasonably understand the statute to proscribe, not what the particular defendant understood the statute to mean." *Washam*, 312 F.3d at 930 (citations omitted)(internal quotation marks omitted).

Malik argues that the definition contained in § 802 is not sufficiently specific to put Malik on notice that the products he sold contained controlled substance analogues. He argues that, in this case, the statute is so vague as applied, that it encourages arbitrary law enforcement. He further argues that the statute under which he is charged contains no scienter requirement and, thus, the definition under § 802 is even more problematic.

Turning first to the more important aspect of the void-for-vagueness doctrine, there are sufficient guidelines contained in

7

the statute to govern law enforcement. The Sixth Circuit has previously examined whether the statute defining a controlled substance analogue, § 802(32)(A), was void for vagueness under the Fifth Amendment because the "substantially similar" language is insufficiently precise. *Hofstatter*, 8 F.3d at 321–22. The *Hofstatter* Court, noting that those defendants were aware that the precursor chemicals at issue were prohibited, found that the statute was not void for vagueness.[8] *Id.* The intent requirement contained in 21 U.S.C. § 813, that the substances at issue be "intended for human consumption," "sufficiently constrains law enforcement officials and discourages arbitrary or discriminatory application of the law." *Id*. at 322. "If a defendant possesses an analogue, with intent to distribute or import, the defendant need not know that the drug he possesses is an analogue. It suffices that he know what drug he possesses, and that he possesses it with the statutorily defined bad purpose." *United States v. Desurra*,

---

[8] The *Hofstatter* Court looked to the defendants behavior to ascertain that they knew their actions were illegal, specifically they (1) were reluctant to use their own names when ordering the chemicals at issue; (2) the notebooks and other documentary evidence demonstrated intent for human consumption of the chemicals, rather than for any legitimate purpose; and (3) the defendants possessed a copy of the DEA's Federal Register notice listing the chemicals at issue as controlled substances. *Hoffstatter*, 8 F.3d at 321–22.

865 F.2d 651, 653 (5th Cir. 1989)(cited with approval by the Sixth Circuit in *Hofstatter*, 8 F.3d at 322).

Despite Malik's protestations to the contrary, the statute which Malik is charged with violating does include a scienter requirement, 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), and it is that requirement which precludes his argument that the statute merely defining an analogue, § 802(32)(A), encourages arbitrary enforcement. In order to be treated as a controlled substance, an analogue meeting the definition contained in § 802(32)(A) must be "intended for human consumption" as stated in § 813. "The intent requirement alone tends to defeat any vagueness challenge based on the potential for arbitrary enforcement." *United States v. Klecker*, 348 F.3d 69, 71 (4th Cir. 2003)(citing *United States v. Carlson,* 87 F.3d 440, 444 (11th Cir. 1996)). A scienter requirement mitigates a law's vagueness, especially with respect to the adequacy of notice that certain conduct is prohibited. *Hoffman Estates,* 455 U.S. at 499. "Because the statute at issue here contains a scienter requirement . . . the defendants' vagueness challenge [to the CSAEA] must be met with some measure of skepticism, at least with regard to the 'fair notice' prong." *United States v. Roberts*, 363 F.3d 118, 123 (2d Cir. 2004).

Malik argues that *Hofstatter* and *Klecker* do not address his argument that § 802(32)(A) does not provide sufficient notice to

the ordinary person that the substances at issue were controlled substances analogues. [DE 237 at 2].

Importantly, neither Malik, nor any of the Defendants, have argued that JWH-022 and/or AM 2201 are *not* substantially similar to JWH-018 in chemical form or physiological effect.[9] Other void-for-vagueness challenges to § 802 have addressed whether the "substantially similar" language relating to chemical structure and physiological effect provided sufficient notice that the substance at issue met the definition of a controlled substance analogue. *United States v. Roberts*, 363 F.3d at 123–26; *Desurra*, 865 F.2d at 653. For instance, in *Klecker*, the Fourth Circuit addressed defendant's challenge that Foxy and DET were substantially similar. *Klecker*, 348 F.3d at 71–72. Despite conflicting expert testimony, the Court relied on chemical diagrams submitted during the hearing to find that the two substances were substantially similar for purposes of the controlled analogue statue. *Id.* at 72. In so finding, it held that it did not have to address the question of whether the defendants had actual knowledge that the substance was an analogue because, for purposes of the vagueness challenge, "the Analogue Act would not be unconstitutionally vague as applied to

---

[9] The Court notes that Johnston's Motion in Limine to Exclude the Government's Expert Witness [DE 222] involved testimony relating to the substantial similarity between AM 2201 and JWH-022 with JWH-018. However, the parties have not raised these issues regarding the constitutional challenge.

Foxy even with respect to a defendant who lacked actual notice." *Id.* at 72.

Rather than challenging whether JWH-122 and AM 2201 are substantially similar in chemical structure or physiological effect to JWH-018 as part of the basis for his vagueness challenge, Malik focuses on his ability to ascertain whether the items were legal to sell. Essentially, Malik argues that, because he took certain steps to ensure the legality of the products but was not told that the products were illegal, the statute does not provide sufficient notice.[10] Thus, he urges the Court to conclude that the CSAEA definition is unconstitutionally vague and, therefore, void.

In support of his motion, Malik states that he will be able to demonstrate that he "undertook extraordinary efforts to ensure that he was operating within the bounds of the law." [DE 221-1 at 2]. Malik is a wholesaler who sold the products involved in this matter, which allegedly contain controlled substance analogues JWH-122 and AM 2201, to stores in central Kentucky. [DE 269-1]. Malik, apparently aware of the danger that some of the substances he was selling might not be legal, claims that he took a sample of the materials to the Nicholasville Police Department's Drug

---

[10] Malik disclaims an entrapment by estoppel defense, *see United States v. Levin*, 973 F.2d 463, 468 (6th Cir. 1992), so this Court will not analyze the application of that defense to the facts before it.

Enforcement Division. [DE 269-1]. He was told that at that time, in 2010, the substances were legal. [DE 269-1]. On May 12, 2011, a store run by Malik's partner was searched by the Garrard County Sherriff's Office, and items sold as "incense" were seized and then returned to Malik's partner because, he contends, the police determined the substances were legal. [DE 269-1]. Malik further contends that his attorney told him the substances were legal and that he obtained a copy of the laboratory testing results of each of the products to ensure that he was not selling anything that was illegal. [DE 269-1].

The Government contends that it will be able to demonstrate that Defendants, including Malik, had actual notice that they were violating the law by showing proof of the manner in which the products containing JWH-122 and AM 2201 were sold, as well as the documents maintained by Defendants. [*See* DE 234]. With respect to knowledge of the products legality, the Government contends that on March 20, 2012, Malik sold synthetic marijuana under the product names "Happy Tiger" and "Black Magic" to a confidential informant at the wholesale warehouse in Lexington, Kentucky. [DE 296 at 5]. Undercover law enforcement agents purchased Happy Tiger products containing JWH-122 at the D&M Market in Crab Orchard, Kentucky in January, 2012, which was owned, in part, by Malik. The products were "kept under the counter, were sold with cigarette rolling

12

papers, and were listed as a 'knife' on the sales receipt." [DE 296 at 3]. Likewise, Happy Tiger products were found in a BP Store in Richmond, Kentucky under the counter and near bongs and other smoking paraphernalia sold at the store. [DE 296 at 3]. The Government also intends to show that Malik was an owner of the company that owned both businesses. [DE 296 at 3].

First, it is not clear from Malik's argument that any of the items of "incense" that he refers to contained AM 2201 or JWH-022. He does not allege that the products that he took to the Sheriff's Office or that were seized at his partner's store were the same products that are the subject of the indictment. Without establishing that pivotal fact, Malik's factual allegations lack relevance to the matter before the Court.

Second, even assuming that Malik did take all of these steps with respect to the products that are the subject of the indictment, he has not established that he lacked notice. Implicit in Malik's factual statement is an acknowledgement that he knew that these products at least fell within a gray area of legality. He was uncertain enough about the status of the products that he felt it necessary to inquire whether these "incense" products were legal. He made these inquiries of the manufacturer of the products, of his attorney, and a state sheriff's department. Moreover, his admission that he requested chemical analyses of the

13

products when they were purchased suggests that he had full knowledge that the substances contained JWH-022 and/or AM 2201.

Third, assuming the facts asserted by the Government are shown at trial, the facts *strongly* suggest that Malik had actual notice that the Happy Tiger and Black Magic products were treated as controlled substances. The manner in which the products were treated, in the stores and during the transaction at the warehouse, suggest that Malik had actual knowledge that the products were illegal. Actual knowledge forecloses a void for vagueness challenge. *See Carlson*, 87 F.3d at 444. Based on the assertions of the parties, there is sufficient evidence, if introduced at trial, from which a jury could conclude that Malik had actual notice that his conduct was prohibited.

While certain courts have relied on actual knowledge in the vagueness analysis, actual notice is not required for conviction and it is not required for this Court's finding that the statute is not vague. *See Klecker*, 348 F.3d at 72. Malik's arguments boil down to little more than ignorance as a defense, which is not a defense at all. *United States v. Caseer*, 399 F.2d 828, 835 (6th Cir. 2005) (citing *Lambert v. California,* 355 U.S. 225, 228 (1957)).

Malik's argument has been addressed numerous times by other courts, typically in the context of a challenge that the substance

14

at issue does not meet the definition of a controlled substance analogue under § 802(32)(A). Malik has not offered any basis why this Court should stray from prior precedent finding that § 802(32)(A) provides sufficient notice, particularly in the absence of a challenge to whether JWH-018 and AM 2201 meet the definition of a controlled substance analogue under the statute. *See Hofstatter*, 8 F.3d at 321 (holding that the statutory language is sufficiently precise to enable an ordinary person in the position of defendants to know that their conduct was prohibited); *United States v. Granberry*, 916 F.2d 1008, 1010 (5th Cir. 1990) ("[T]he term 'controlled substance analogue' in § 813 is clearly and specifically defined, in terms readily comprehensible to the ordinary reader. It provides adequate notice of what conduct is prohibited.").

For the foregoing reasons, **IT IS ORDERED** that:

(1) the Motion to Dismiss Count I of the Indictment filed by Seth J. Johnston [DE 220] and joined by Asim Malik [DE 226], Soha Aljenabi [DE 224], and Zafar I. Nasir [DE 228] is **DENIED**;

(2) the Motion to Dismiss Count I of the Third Superseding Indictment filed by Nawaz Khan [DE 225] and joined by Malik [DE 226] and Nasir [DE 228] is **DENIED**; and

(3) the Motion to Dismiss the Indictment [DE 221] filed by Asim Malik and joined by Aljenabi [DE 224] and Nasir [DE 228] is **DENIED**.

This the 25th day of September, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge